

# Blactino

## Entertainment Co

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 14 2017

JEFFREY P. COLWELL
CLERK

August 9, 2017

Office of the Clerk
United States District Court
Alfred A. Arraj Courthouse
901 - 19th Street, Room A 105
Denver, CO 80294-3589

Re: Case 1:17-cv-01827 MOTION FOR REHEARING, et al

Now at "NO" time was I or anyone within my businesses ever properly served by the Plaintiff and to just fax a copy is NOT a proper way to serve anyone, unless the Court so orders such, yet at know time did the Plaintiff ever provide the Defendants a proper CERT. OF MAILING, nor have he shown proof of services to this Court.

Also, Plaintiff at "NO" time introduced himself as a doctor to the Defendant, yet he did introduce himself as a adult mature model, who play in a number of adult films. Now as a named Defendant I ask this Court that this letter ACT as a MOTION for and EXTENSION of FILING TIME, to answer any and all meritless claims, by the Plaintiff. Now as an acting Defendant in said civil suit I have produced a number of exhibits for the Courts review and action(s), also I have placed a short copy of one page of my MOTION to be filed with the Court

**1412 Lakeview Ave, 204, Pueblo, CO  81004  (719)415-7949  fax: (719)564-2552**

*Office of the Clerk*
*MOTION FOR REHEARING, et al*
*Case # 1:17-cv-01827*
*August 9, 2017*
*Page Two (2)*

this is ONLY to show the Court the Direction I plan to take and to what actions I shall pray for. I ask this Court for ONLY that it take this letter as a *MOTION FOR EXTENSION OF TIME FOR 60 DAYS*, from today of receipt of this letter/Motion



*/s/ Larry D. Sims*
     *CEO/Manager/Defendant*

Enclosed is a copy of the *18 USC 2257 Complaint Form (we give to any and ALL future models, the copy of the AT - WILL AGREEMENT and a TRUE COPY OF THE FIRST PAGE OF THE MOTION I PLAN TO FILE WITH THE COURT.*

### Certificate of Mailing

I , **Larry D. Sims - DEFENDANT** did place in the hands of the USPS mailing department in *Pueblo, CO* a true copy of this letter, also a true copy of the same was mialed to the Plaintiff at the *plaintiff's LAST KNOWN MAILING ADDRESS*...a true copy(ies) of the above letter with any and all exhibits was also mailed, by first class mail within the required rules and cited laws of this and all courts within and without the State of Colorado, dated **8/9/2017** and signed by me so listed below.

*/s/ Larry D. Sims Defendant*
     *1412 Lakeview Avenue, 204*
     *Pueblo, CO 81004*

# BLACTINO ENTERTAINMENT COMPANY™

## At-Will Employment Agreement

This agreement is made this _____ between Blactino Entertainment Company™ (hereinafter referred to as "Employer"), and _____ (hereinafter referred to as "Employee" or "Model").

### * Recitals *

Employer is engaged in the _____ business and maintains offices in _____; and Employee is willing to be employed by Employer, and Employer is willing to employ Employee on the terms, covenants, and conditions set forth. NOW, THEREFORE, IN CONSIDERATION of the mutual covenants, agreements, representations, and warranties, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Employer and Employee hereby agree as follows:

### * Agreement *

1. **Nature and Place of Employment.** Employer employs, engages, and hires Employee as _____ at the offices of _____, and Employee accepts and agrees to such hiring, engagement, and employment. Subject to the supervision and pursuant to orders, advice, and directions of Employer, Employee's duties shall include the following tasks:

   And perform such other duties as are customarily performed by one holding a similar position in like circumstances in business, in the industry, and shall also additionally render such other and unrelated services and duties as may be assigned to Employee from time to time by Employer.

2. **Manner of Performance of Employee's Duties.** Employee agrees that Employee will at all times faithfully, industriously, and to the best of employee's ability, experience, and talent, perform all of the duties that may be required of and from Employee pursuant to the express and implicit terms of this agreement, to the reasonable satisfaction of employer. Such duties shall be rendered at _____, and at such other place or places as Employer shall in good faith require, or as the interests, needs, business, and opportunities of Employer shall require and make advisable.

3. **Employee's Lack of Authority to Bind Employer without Consent.** Employee shall not have the right to make any contracts or commitments for or on behalf of Employer without first obtaining the express written consent of Employer.

4. **Duration of Employment.** This agreement shall be in effect from _____ until it is terminated, which may be done by either party at will, with or without cause.

5. **Compensation.** Employer shall pay Employee, and Employee agrees to accept from Employer, in full payment for Employee's services under this agreement, compensation at the rate of $_____ dollars per _____, payable every _____ on the _____ of each month.

6. **Devotion by Employee to Business.** Employee shall work during the regular hours of _____, Monday through Saturday, and shall have one hour off without pay for lunch during each of those days. During working hours, Employee shall devote the whole of Employee's time, attention, and energies to the performance of employee's duties and shall not, directly or indirectly, alone or in partnership, be connected with or concerned in any other business or pursuit during the term of employment.

7. **Vacation Days, Holidays, And Personal Days.** Employer shall give Employee a vacation allowance and personal leave as provided in the Employee Handbook of Employer. The time for such vacation is to be approved by Employer. In addition, Employee shall be entitled to such paid or unpaid leave and holidays as stated in the Employee Handbook.

8. **Non-Disclosure of Information Concerning Business.** Employee further specifically agrees that Employee will not at any time, in any fashion, form, or manner, either directly or indirectly, divulge, disclose, or communicate to any person, firm, or corporation in any manner whatsoever, any information of any kind, nature, or description concerning any matters affecting or relating to the business of Employer, including without limiting the generality of the foregoing, the computer files, trademarks, trade secrets, customer list, catalogs, contracts, notes, employee directories, or any other information about or concerning the business of Employer, its manner of operation, its plans, or other data of any kind, nature, or description without regard to whether any or all of the foregoing matters would be deemed confidential, material, or important, the parties stipulating that, as shown between them, the matters are important, material, and confidential, and gravely affect the effective and successful conduct of the business of Employer, and its goodwill, and that any breach of the terms of this paragraph is a material breach of this agreement.

9. **Arbitration.** Any controversy or claim arising out of this agreement, the interpretation of any of the provisions hereof, or the action, inaction, or breach of any party hereunder shall be settled by arbitration in Pueblo, Colorado. Any award of decision obtained from any such arbitration proceeding shall be final and binding on the parties, and judgment upon any award thus obtained may be entered in any court having jurisdiction thereof. There shall be one arbitrator, mutually agreeable to the parties, or if the parties cannot agree on an arbitrator, then a court of competent jurisdiction shall appoint an arbitrator. The losing party shall pay all the expenses of the arbitration. No action at law or in equity based upon any claim arising out of or related to this agreement shall be instituted in any court by any party except:

   (a) An action to compel arbitration pursuant to this agreement, OR
   (b) An action to enforce an award obtained in an arbitration proceeding in accordance with this agreement.

10. **Attorney's Fees.**   In the event that any dispute between the parties should result in litigation or arbitration, the prevailing party in such dispute shall be entitled to recover from the other party all reasonable fees, costs, and expenses of enforcing any right of the prevailing party, including, without limitation, reasonable attorney's fees, expert witness fees, and expenses.   Attorney's fees and costs include costs for such items for any appeals.   This paragraph shall remain independent from any judgment entered to enforce its terms, shall not merge therewith, and shall entitle the prevailing party to attorney's fees and costs incurred in connection with post-judgment collection and enforcement efforts.

11. **Disclosure of Inventions.**   Employee will promptly disclose in writing to Employer, all discoveries, developments, designs, ideas, improvements, inventions, formulas, processes, techniques, know-how, and data (whether patentable or registerable under copyright or similar statutes) made, conceived, reduced to practice, or learned by Employee (either alone or jointly with others) during the period of his/her employment, that are related to or useful in the business of Employer, or which results from tasks assigned to Employee by Employer, or from the use of the premises owned, leased, or otherwise acquired by Employer (all of the foregoing are referred to in this agreement as "Inventions").

12. **Assignment of Inventions.**   Employee acknowledges and agrees that all inventions belong to and shall be the sole property of the Employer and shall be Inventions of Employer subject to the provisions of this agreement.   Employee assigns to Employer all right, title, and interest Employee may have, or may acquire, in and to all inventions.   Employee agrees to sign and deliver to Employer, either during or subsequent to his/her employment, such other documents as Employer considers desirable to evidence the assignment of all rights of Employee, if any, in any inventions to Employer and Employer's ownership of such inventions.

   Any provision in this agreement requiring Employee to assign rights to an invention does not apply to any invention for which no equipment, supplies, facility, or trade secret information of Employer was used and which was developed entirely on Employee's own time and

    (a) which does not relate either to the business of Employer or to Employer's actual or demonstrably anticipated research or development, OR
    (b) which does not result from any work performed by Employee for Employer.

13. **Power of Attorney.**   In the event Employer cannot obtain Employee's signature on any document necessary to apply for, prosecute, obtain, or enforce any patent, copyright, or other right or protection relating to any invention, whether due to mental or physical incapacity or any other cause, Employee hereby irrevocably designates and appoints Employer and each of its duly authorized officers and agents as his/her agent and attorney-in-fact, to act for and on his/her behalf and stead to execute and file any such document and to do all other lawfully permitted acts to further the prosecution, issuance, and enforcement of patents, copyrights, or other rights or protections with the same force and effect as if executed and delivered by Employee.

14. **Delivery of Documents and Data on Termination of Employment.**   In the event of termination, voluntary or otherwise, of Employee's employment with Employer, Employee agrees, promptly and without request, to deliver to and inform Employer of all documents and data pertaining to his employment and the confidential information and inventions of Employer or its Clients, whether prepared by Employee or otherwise coming into his/her possession or control, and, if applicable, to

sign Employer's Exit Letter. Employee will not retain any written or other tangible material containing any information concerning or disclosing any of the confidential information or inventions of Employer or its Clients. Employee understands that the unauthorized taking of any Employer's trade secrets may be a crime under certain penal codes. Employee further understands that such unauthorized taking of Employer's trade secrets could result in civil liability and that willful misappropriation may result in an award against Employee.

15. **Obligations after termination of Employment.** In the event of termination, voluntary or otherwise, of Employee's employment with Employer, Employee agrees that he/she will protect the value of the confidential information and inventions of Employer and Clients and will prevent their misappropriation or disclosure. Employee will not disclose or use to his/her benefit or benefit of a third party or to the detriment of Employer or its Clients any confidential information or invention. Employee further agrees that for a period of six (6) years immediately following termination, voluntary or otherwise, of Employee's employment with Employer, Employee shall not interfere with the business of Employer by inducing an employee to leave the Employer's employ or by inducing a consultant to sever the consultant's relationship with the Employer (see paragraph 16).

16. **Non-Circumvention.** As a condition to entering into this agreement, Employee agrees that he/she will not engage in any business that competes with Employer, disrupt, damage, impair, or interfere with the business of the Employer by way of interfering with or raiding Employer's employees, or disrupt Employer's relationship with its customers, potential customers, agents, vendors, representatives, or otherwise.

Employee further agrees that he/she will not, directly or indirectly, for himself/herself or on behalf of, or in conjunction with any other person, firm, partnership, or corporation, divert or take away or attempt to divert or take away, call on, or solicit the business or patronage of any of the Employer's customers, patrons, or suppliers, including but not limited to those with whom he became acquainted as a result of the Employee's relationship with the Employer.

17. **Non-Competition.** Employee agrees that during the term of this agreement and for a period of six (6) years immediately following termination, voluntary or otherwise, of this agreement, Employee will not by himself/herself or on behalf of any other person, firm, partnership, or corporation, engage in the business that is the same or similar as the Employer's within a radius of 50 miles from the city of Pueblo, Colorado Springs and Denver and its outlying areas in the state of Colorado; nor call on or solicit or attempt to solicit the business or patronage of any person, firm, corporation, or partnership for the purpose of selling same or similar services or goods sold by the Employer within a radius of not more than 50 miles from the city(ies) of Pueblo, Colorado Springs and Denver and its outlying areas in the state of Colorado; nor interfere with the business of the Employer by inducing an employee to leave Employer's employ or by inducing a consultant, customer, supplier, vendor, and the like to sever a relationship it has with the Employer.

18. **Injunctive Relief.** Because Employee's breach of this agreement may cause the Employer irreparable harm for which money damages are inadequate, Employee agrees that the Employer will be entitled to injunctive relief to enforce this agreement, in addition to damages and other available remedies.

19. **Entire Agreement.** This agreement and any exhibits attached hereto or mentioned herein reflect the final expression of the Parties' agreement and contain a complete and exclusive statement of

the terms of that agreement, which such terms supersede all prior oral and written agreements or statements by and among the Parties. There are no other agreements, representations, or warranties not set forth herein. No representation, statement, condition or warranty not contained in this agreement or its attached exhibits will be binding on the Parties or have any force or effect whatsoever.

20. **Force Majeure.** Any Party shall be released from its obligations under this agreement in the event that an act of God, war, riot, fire, strike, or other labor dispute, epidemic, or other causes beyond the control of that Party, render performance by that Party impossible.

21. **Exhibits.** All exhibits hereto or mentioned herein in this agreement are incorporated by reference for all purposes and shall be treated as if set forth herein.

22. **Modification.** The provisions of this agreement may be waived, altered, amended, modified, or appealed, in whole or in part, only by the written consent of both Employer and Employee to this agreement.

23. **Governing Law.** The Parties to this agreement agree that all questions respecting the negotiation, execution, construction, interpretation, or enforcement of this agreement, or the rights, obligations, and liabilities of the Parties hereto, shall be determined in accordance with the applicable provisions of the laws of the State of Colorado.

24. **Jurisdiction.** Each Party hereby consents to the exclusive jurisdiction of the State of Colorado whether such action be for arbitration or litigation, or otherwise. Each Party further agrees that personal jurisdiction over him/her may be effected by service of process by registered or certified mail addressed as provided in the Notice section of this agreement, and that when so made shall be as if served upon him/her personally within the State of Colorado.

25. **Notices.** Any notice or other document to be given or to be served upon any Party hereto in connection with this agreement must be in writing (which may include facsimile) and will be deemed to have been given and received when delivered to the address specified in this agreement; and if none is specified, to the last known address by the Party to receive the notice. Any Party may, at any time by giving ten (10) days prior written notice to the other Parties, designate any other address in substitution of the foregoing address to which such notice will be given.

26. **Severability.** If any provision of this agreement or the application of such provision to any person or circumstance shall be held invalid for any reason, the remainder of this agreement or the application of such provision to persons or circumstances other than those to which it is held invalid shall be unaffected by such holding. If the invalidation of any such provision materially alters the agreement of the Parties, then the Parties shall immediately adopt new provisions to replace those which were declared invalid.

IN WITNESS WHEREOF the parties hereto do hereby affix their hands and seals the day and year first above written.

_____

Larry D. Sims
Chairman and CEO
Blactino Entertainment Company™


_____

Signature of Employee


_____

Print Employee's Name


cc:    Two copies, original and file copy
         One copy to Employee
         One copy to Human Resources


_____ • _____


**\*\*1099 EMPLOYEE(S) <u>DO</u> <u>NOT</u> USE THIS FORM.  THEY ARE <u>NOT</u> EMPLOYEES, THEY ARE SELF-EMPLOYED BY IRS CODE AND STATE AND FEDERAL LAWS ON THE SUBJECT.**

**\*\* ALSO, SAID ABOVE EMPLOYEE(S) MUST ALSO, SIGN A I9 FORM AS SO REQUIRED BY IRCA or IMMIGRATTION REFORM AND CONTROL ACT...IF "NO" I9 FORM IS SO ATTACHED TO THIS AT-WILL  AGREEMENT...THEN  SAID  EMPLOYEE  IS  'NOT'  HIRED  OR  EMPLOYED  WITH  THIS COMPANY OR ITS NUMEROUS HOLDINGS.**

# Blactino Entertainment Company

(a Colorado Company)

## 140 West 29th Street
## Pueblo, CO 81008

### Est. 1989

"The next step in the Adult Entertainment world"

### 719-415-7949
### (f) 719-564-2552

### Email blactino.entertainment2@aol.com

### Website www.blactinoentertainmentco.com

## ADULT MODEL RELEASE; 18 USC 2257 COMPLAINT FORM

Model Legal Name_____

Stage Name (If any)_____

Maiden Name____

Previous Legal Name (if any)_____

If model has additional other names MUST include_____

_____

Date of Birth_____/_____/_____ Age_____

() D.L. Number_____ State_____

() USA Passport: _____

() SSN_____ WT_____ HT_____

Penis Size (both hard and soft, and you MUST provide a full color photo attach it to this agreement) _____

Breast Size_____ Sex:____

Sex orientation: Gay () Lesbian () Tran/TV/CD () Post-op Trans () Gay4Pay Male () or Female ()

Bi Male () or Female ().

Model understand that all the information given in this agreement is being to comply with FEDERAL LAW and any false statement WILL subject MODEL to BOTH a civil action by Blactino Entertainment Company or its designee companies, as well as criminal prosecution under both state, as well as federal laws_____(model's initials)

SWORN STATEMENT: UNDER 28 U.S.C. 1746 AND THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES. I SWEAR THAT THE FOREGOING IS TRUE AND CORRECT AND THAT EACH OF THE IDENTIFICATION DOCUMENTS WHICH I HAVE PROVIDED AND OF WHICH I HAVE SIGNED THE ATTACHED COPY(IES) WAS LAWFULLY OBTAINED BY ME AND HAS NOT BEEN GORGED OR ALTERED.

DATED ON:_____/_____/_____

Model signature:_____

Printed name of Model:_____

UNDER 28 U.S.C. 1746 AND THE PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES I SWEAR THAT THE FOREGOING IS TRUE AND CORRECT, THAT I HAVE PERSONALLY EXAMINED THE MALE OR FEMALE MODEL PHOTO IDENTIFICATION AND DATE OF BIRTH, AND THAT I HAVE OBSERVED THE ORIGINALS OF EACH OF THE IDENTIFICATION DOCUMENTS OF WHICH COPIES ARE HERETO ATTACHED AND SIGNED BY SAID LISTED MALE OR FEMALE MODEL. IN ADDITION I SWEAR THAT THE DATE SET FORTH BELOW IS THE DATE ON WHICH SAID VIDEO/PHOTOSHOOT OCCURRED.

DATED ON:_____/_____/_____

BLACTINO ENTERTAINMENT CO signature:_____

TERMS AND CONDITIONS:

I, _____ the undersigned Model (hereafter called Model) do hereby voluntarily authorize and give full permission to Blactino Entertainment Company or their assigns (hereafter video director/Photographer) to the exclusive use of: photographs, video(s), electronic and digital reproductions in any form of my person or personal property. Form the date of execution of this GENERAL RELEASE and AUTHORIZATION, the undersigned hereto does hereby grant, release and assign to Blactino Entertainment Company any and all claims of right(s) whatsoever in and to all DVD's, sound clip's, and photographs, to include but is not limited to any artwork(s), advertisement(s), or printed photos within or without this agreement at hand of the undersigned or by the undersigned and delivered to Blactino Entertainment Company for any purpose chosen by Blactino Entertainment Company. From execution hereto and for value received and acknowledged below by Model Producer/Photographer shall exclusively and irrevocably own in perpetuity ALL RIGHTS, TITLE, AND INTEREST, including copyrights in and to the digitized photographs, reproductions, videos and any digitized printed material of the undersigned with no rights expressly reserved by the model.

Model also grants Blactino Entertainment Company, its photographer(s) and its designees The rights to use his/her name, likeness, image voice, appearance, and performance as embodied in the Product whether recorded on or transferred to videotape, film, slides, photographs, audio tapes, or other media, now known or later developed.

This grant includes without limitation the right to edit, mix or duplicate and to use or re-use the Product in whole or part as Producer/Photographer may elect. Producer/Photographer or its designee shall have complete ownership of the Product in which model appears, including copyright interests, and model acknowledges that he or she has no interest or ownership in the Product or its copyright Model also confirms the she or he has the right to enter into this AGREEMENT, that she or he is NOT restricted by any commitment to any parties, and that Producer/Photographer has NO financial commitment or obligations to me as a result of this AGREEMENT besides the consideration already paid.

I hereby give ALL clearances, copyright and otherwise for use of my name, likeness, image voice, appearance and performance embodied in the Product. I expressly release and indemnify Blactino Entertainment Company and its officers, employees, agents and designees from any and all claims known and unknown arising out of or in any way connected with the above granted uses and representation. The rights granted Producer/Photographer herein are perpetual and worldwide survive my death and any other occurrence.

In consideration of all the above, I_____ hereby acknowledge receipt of reasonable and fair consideration from Blactino Entertainment Company or its designees or both received and paid.

Blactino Entertainment Company and its designees AGREE to pay in the form of a company check the base compensation of $_____ USD  was paid by the initials of the model _____

I the above-signed model do hereby certify and swear under unsworn declaration of perjury that the following is TRUE and CORRECT by my above signature and that I agree with such terms.

() I swear that I am above 18 years of age (and proof is attached)
() I swear that I have disclosed my true and correct legal name, given to me at birth
() I swear that I have disclosed all other names that I have been known by to BLACTINO ENTERTAINMENT COMPANY and its DESIGNEES
() I swear that I have produced a legal identification card
() I swear that I have not provided any false or misleading information to Blactino Entertainment Company and its Designees
() I swear that I will do nothing in violation of any local, State or Federal laws including any obscene, lewd or illegal acts
() I swear that I will not bring unto Company's premises owned or rented or leased or where production or photo shoot is occurring drugs, alcohol or other illegal or legal *(if legal by the State of Colorado, then YOU must provide US at Blactino Entertainment Company or its designee(s) a written note from YOUR Doctor on his/her letterhead, that You have the rights to have such substance, but YOU may not share it with others, or sell it or smoke it on our premises within or without Colorado and the substance*

**_MUST be for medical use ONLY)_** substances within or without the State of Colorado or the USA.

    (i)    SUITABITY

    1. Are you physically fit? YES () or NO ()

    2. Do you suffer from any disabilities? YES () or NO ()

    3. Do you suffer from any illnesses? YES () or NO ()

    4. If you answered "YES" to question 3, YOU MUST explain your diagnosis (without any medical facts, if medical facts are/must be used then we have the RIGHT(S) to seek options from our LEGAL DEPARTMENT on our next step – and you MUST STOP! HERE and You will NOT be used in any film(s), video(s) or placed on the web until We, at Blactino Entertainment Company hear back in written form from our legal department on this matter at hand…THANKS

        _____

        _____

        _____

        _____

    5. Are you taking medication prescribed by a physician?  YES () or NO ()

    6. If you answered "YES" to the above question, please explain in details:_____

        _____

        _____

        _____

        _____

    7. Have you ever received a diagnosis of Mental Health issues? YES () or NO (), if You answered "YES" to question 7 YOU MUST STOP at which we cannot use YOU - EVER, Due to your mental health issues, unless its not in a VIOLATE NATURE_____

        _____

        _____

        any and all mental health matters WILL be sent to the local CBI and FBI for its further review and actions…please understand any words from the CBI/FBI can and will void your 18 USC 2257 with us.

    8. Are you entering the Adult Entertainment profession of your own FREE WILL? YES () or NO ()

2. How long are you expecting to WORK in the ADULT
   ENTERTAINMENT INDUSTRY?

   _____
   _____
   _____
   _____

3. What are your FAVORITE sexual pastimes?

   _____
   _____
   _____
   _____

4. What sexual activities will you absolutely not perform?

   _____
   _____
   _____
   _____

5. How do you feel when you are engaging in sexual activity?

   _____
   _____
   _____
   _____

6. When was your first sexual encounter same sex () or opposite sex ()…
   What activities did you perform?

   _____
   _____
   _____
   _____

7. How many partners have you engaged in sexual activity with and what
   have you done?

   _____
   _____
   _____
   _____

Signed on_____in the State of_____ by:

_____
**Larry D. Sims – CEO/Director/Head Modeling Agent**

_____
**Model's Full Name and last four of SSN**

**Blactino Entertainment Company (if you, are a corporate designee company. What is your full company**
name_____
_____

**And we need your FULL mailing address, if the same of the parent company, check this box () otherwise list us your corporate**
address_____
_____
_____Zip Code_____

**NOTE:** WE ARE A **100% GAY – MINORITY OWNED AND OPERATED COMPANY...**SO IF YOU HAVE ISSUES WITH THIS COMPANY OR ITS NUMEROUS MODELS, EMPLOYEES ET AL WE DEMAND YOU STOP! FOR NO MODELING OR ACTING IS WORTH THE HARM YOU MAY CAUSE OTHERS OR US SO WE WILL DENY YOUR APPLICATION IN WHOLE AND PART

BEC2018103049971032361

THE FOLLOWING FORMS WERE PERSONAL PROVIDED TO ME THAT
I_____ AND MY
EMPLOYEE NO IS_____
AND COMPANY TITLE IS_____

BLACTINO™ DID TALK TO MODEL (PLEASE PRINT ONLY) () BY
PHONE INTERVIEW () IN
PERSON_____
_____

THE FOLLOWING FORMS WERE PRODUCED AND COPIED AND SO
ATTACHED OR PLACED IN THE FILES OF HR ON SAID MODEL, THIS
SHALL INCLUDE ANY AND ALL PHOTO'S.

() STATE OF _____ ID
ID NUMBER_____
DATE ID ISSUED ON_____
DOB_____

() BIRTH CERTIFICATE FROM THE USA STATE
OF_____ ALL COPIES OF ANY
BIRTH CERTIFICATE MUST BE HAND SIGNED BY THE PERSON LISTED
ON THE BIRTH CERTIFICATE, IN BLACK INK ONLY.

VALID GREEN CARD # _____ (ALL GREEN CARD
MUST BE ISSUED BY THE USA INS OFFICE AND SIGNED BY THE
DIRECTOR/ACTING DIRECTOR OR ANY PARTY WITH AUTHORITY TO
ACT WITHIN THE DUTIES OF THE INS TO ISSUE GREEN CARDS)

WHAT STATE DID YOU GET YOUR GREEN CARD
FROM_____
_____ AND ON WHAT DATE WAS IT
ISSUED TO YOU_____ .

IF PERSON LOOK OR ACTS YOUNGER THAN ON HIS/HER IS, ON SAID
ID/GREEN CARD YOU MUST DEMAND THAT THEY GET FINGERED
PRINTED BY THE LOCAL CBI/FBI OFFICE OR LOCAL SHERIFF/POLICE
OFFICE ANY AND ALL COST WILL BE HANDLED BY BLACTINO
ENTERTAINMENT COMPANY AND ITS DESIGNEES, UPON RECIEPT
(THIS MUST BE ISSUED TO OUR ACCOUNTING DEPARTMENT, WHO

WILL FORWARD THE COST BACK TO SAID PERSON()'S BY COMPANY
CHECK AND BY MIAL ONLY — NEVER CASH.)

() ANY OTHER LEGAL DOCUMENTS, PLEASE LIST THEM IN ORDERED
TAKEN BY

YOU_____
_____
_____
_____
_____
_____
_____


BLACTINO ENTERTAINMENT COMPANY BEC
20181030499711032361UPD1
NEW UPDATED FORM — DO NOT USE ANY FORMS PRIOR TO THIS
ONE, AS ORDERED BY ITS CEO.

Blasting Entertainment (B Cm)
412 Lakeview Ave, 204
Pueblo Co 8100y

Legal
Mail

Office of the Clerk
United States District Court
Alfred A. Arraj Courthouse
901-19th Street Room A105
Denver, Co 80294-3589