IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01827-GPG

RICHARD MAX FLEMING,

    Plaintiff,

v.

LARRY D. SIMS,
KATE LEWIS,
JEFFERY SIMS,
MARY LOPEZ,
LDS FINANCIAL CHARTER SERVICES CO., and
BLACTINO ENTERTAINMENT,

    Defendants.

**ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT AND DENYING PENDING MOTIONS WITHOUT PREJUDICE**

On July 27, 2017 Plaintiff Richard Max Fleming submitted *pro se* to the Court a Complaint for "Breach of Contract, Fraud, and Assault" (ECF No. 1), a "Motion to Proceed IFP" (ECF No. 3), and a "Motion for Emergency Injunction" (ECF No. 4). The Court directed him to cure certain deficiencies (ECF No. 5). On August 1, 2017, the Court denied the Motion for Emergency Injunction (ECF No. 6).

Plaintiff then filed a Complaint (ECF No. 9), Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 10), "Motion for Rehearing of Emergency Injunction" (ECF No. 11), and "Supplemental Information for the Motion for Rehearing of Emergency Injunction" (ECF No. 12). The Court denied the "Motion for Rehearing of Emergency Injunction" and "Supplemental Information for the

Motion for Rehearing of Emergency Injunction" (ECF No. 13). On August 22, 2017, Plaintiff filed an additional Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 23). The Court granted him leave to proceed *in forma pauperis*.

The Court must construe Plaintiff's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. As previously noted, Plaintiff holds himself out as an "M.D., J.D.," thus it appears he has earned a law degree. (ECF No. 1 at 1). If Plaintiff is a lawyer, he may not be "automatically subject to the very liberal standards afforded to a non-attorney *pro se* plaintiff because an attorney is presumed to have a knowledge of the legal system and need less protections from the court." *E.g., Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 234 (D.D.C. 2007). For the reasons set forth below, Plaintiff is directed to file an Amended Complaint, and all pending motions are denied without prejudice as premature.

### I.     Amended Complaint

The crux of this matter is a breach of contract dispute between private individuals under this Court's diversity jurisdiction. (*See* ECF No. 1; *see also* ECF No. 9). Plaintiff alleges Defendants "guaranteed a GRANT of $250,000 . . . AND a $3800 rental payment" to him on June 29, 2017. (ECF No. 9 at 3). However, after Plaintiff provided his payment information, Defendants backed out of the alleged deal. (*Id.*). He claims

breach of contract, promissory estoppel, fraud, and assault. (*Id.* at 5-6). He requests money damages. (*Id.* at 50).

The Complaint does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. (*See* ECF No. 9). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Prolix, vague, or unintelligible pleadings violate Rule 8.

The Complaint fails to provide a short and plain statement of Plaintiff's claims showing he is entitled to relief. Although Plaintiff lists six defendants, the allegations appear directed primarily at Defendant Larry D. Sims. Plausible claims for relief against the remaining defendants are not clear. The factual allegations underlying the legal claims are minimal and conclusory. (*See* ECF No. 9 at 5-6). Plaintiff includes numerous pages of exhibits as part of the pleading without any explanation. (*Id.* at 14-49).

It is Plaintiff's responsibility to present his claims in a manageable and readable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In order

to meet Rule 8's pleading standard in the Amended Complaint, Plaintiff must allege in a clear, concise, and organized manner "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

For these reasons, Plaintiff is ordered to file an Amended Complaint that clarifies the claims and requests for relief he is asserting. Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Plaintiff must complete all sections of the form Complaint and must include his original signature.

**II.     Pending Motions**

Plaintiff and Defendant Larry D. Sims have filed various motions and requests, including a "Motion to Dismiss on Grounds on Rehearing Filed by the Plaintiff" (ECF No. 15), Motion to Strike (ECF No. 16), letter regarding "Motion for Rehearing" (ECF No. 17), second Motion to Strike and Motion for Contempt (ECF No. 18), "Motion to Reply . . ." (ECF No. 21), and third Motion to Strike (ECF No. 22). The filings are bickering, disorganized, lacking in legal authority, and somewhat incomprehensible. They appear related to the original pleading which, as set forth above, must be amended. Therefore, the Court will deny all pending motions without prejudice as premature. All parties are warned that their filings must be clear, concise, and not duplicative, and must comply with all applicable procedural rules.

Further, Defendant Larry D. Sims is warned that he may not represent anyone else in this proceeding, including any business entity defendant. "As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001). A *pro se* litigant may not represent another *pro se* litigant in federal court. *See* 28 U.S.C. § 1654.

Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this Order**, an Amended Complaint as directed in this Order. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize the current Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. Plaintiff must complete all sections of the form Complaint. It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Complaint that complies with this Order within the time allowed, the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Motion to Dismiss on Grounds on Rehearing Filed by the Plaintiff" (ECF No. 15), Motion to Strike (ECF No. 16), letter regarding "Motion for Rehearing" (ECF No. 17), second Motion to Strike and Motion for Contempt (ECF No. 18), "Motion to Reply . . ." (ECF No. 21), and third Motion to Strike (ECF No. 22) are DENIED WITHOUT PREJUDICE as premature.

DATED August 24, 2017, at Denver, Colorado.

> BY THE COURT:
>
>   s/ Gordon P. Gallagher
> United States Magistrate Judge