IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01827-WJM-STV

RICHARD MAX FLEMING,

    Plaintiff,

v.

LARRY D. SIMS,
KATE LEWIS,
JEFFREY SIMS,
MARY LOPEZ,
LDS FINANCIAL CHARTER SERVICES CO., and
BLACTINO ENTERTAINMENT,

    Defendants.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff's Motion to Amend the Complaint (the "Motion to Amend") [#131] and Defendant's "Motion to Dismiss Plaintiff's Motion to Amend the Complaint" (the "Opposition Motion") [#140]. Both Motions have been referred to this Court. [##132, 141] This Court has carefully considered the Motions, the case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motions. For the following reasons, the Court **GRANTS** the Motion to Amend [#131] and **DENIES** the Opposition Motion [#140].

**I.    Background**

    Plaintiff filed the instant action asserting claims for breach of contract, promissory estoppel, fraud, and assault on July 27, 2017. [#1 at 5-6] On August 24, 2017, this

Court ordered Plaintiff to file an Amended Complaint, because Plaintiff's Complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure. [#25] The Court directed Plaintiff to file an Amended Complaint that "clarifie[d] the claims and requests for relief he is asserting." [*Id.* at 4]

Plaintiff filed an Amended Complaint on August 25, 2017 stating claims for breach of contract, fraud, and assault. [#26] Plaintiff alleges that he entered an agreement with Defendants, both verbally and in writing, under which Defendants guaranteed him a grant of $250,000 for the licensing and promotion of a patent associated with breast cancer and heart disease research, and a $3,800 rental payment. [*Id.* at 3] According to the Amended Complaint, Defendants repeatedly delayed payment of both the grant and the rent, first blaming power outages, and then falsely reporting that Defendant Larry Sims, CEO of LDS Financial Charter Services and Blactino Entertainment, was in a coma and had been hospitalized. [*Id.* at 3-5] Plaintiff alleges that he contacted Defendants in several follow-up communications about the status of the payments, repeatedly providing his bank account information for the agreed-upon electronic transfer, until mid-July 2017 when Plaintiff received a fax from Defendants stating that all agreements had been cancelled. [*Id.*] Plaintiff notes that he has since faced eviction for failure to pay rent and the patent has been jeopardized. [*Id.* at 5]

On December 20, 2017, Plaintiff filed a Motion to Dismiss Defendants Lopez and Lewis from the case. [#122] Plaintiff "also move[d] for the Court to include" additional factual allegations and included what he styled as a "Statement of Material Facts." [*Id.* at 2 (emphasis omitted)] This Court found that these factual allegations appeared to be

aimed at supplementing Plaintiff's Amended Complaint and addressing various deficiencies in the Amended Complaint highlighted by this Court [*see* #107 at 7-11]. [#130 at 2] This Court recommend that, to the extent the Motion sought to amend Plaintiff's Amended Complaint, the Motion be denied for failure to comply with the Federal Rules of Civil Procedure and this Court's Local Rules, including seeking the opposing party's written consent or leave from the Court to amend, and attaching a redlined version of the proposed amended complaint. [*Id.*]

Plaintiff filed the instant Motion on January 2, 2018, seeking leave of the Court to file a second amended complaint. [#131] Plaintiff has included what appears to be a redlined version of the proposed second amended complaint with the Motion. [#131-1 at 2-22] The proposed second amended complaint contains many of the same factual allegations from the previous iterations of the complaint [*see generally id.* at 2-5], and again asserts claims for breach of contract, promissory estoppel, fraud, and assault [*id.* at 5-15]. On January 22, 2018, Defendant Sims filed what he styles as a "Motion to Dismiss Plaintiff's Motion to Amend the Complaint" [#140], which the Court construes as Defendant's opposition to the instant Motion to Amend. Plaintiff opposes Defendant's Opposition Motion. [#143]

**II. Analysis**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the Court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the

3

Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

The Court finds that Plaintiff has satisfied the liberal requirements of Rule 15. It appears that Plaintiff has exercised diligence in seeking leave to amend after the discovery of new information—namely, that he was unable to identify Defendants Kate Lewis and Mary Lopez. [*See* ##122, 128, 129] Plaintiff moved to dismiss these Defendants from the case and his proposed second amended complaint includes additional allegations that the remaining Defendants have purposely hidden the true identity of Lewis and Lopez. [#131-1 at 16] Although other factual allegations in the proposed second amended complaint do not appear to be new, it is evident that Plaintiff has attempted to add more detail in an effort to address the deficiencies in the Amended Complaint highlighted by this Court on December 5, 2017. [*See* #107 at 7-11]

While Defendant Sims appears to oppose the Motion,[1] Defendant does not point to any prejudice—let alone undue prejudice—that he would suffer if amendment is permitted, nor can the Court conceive of any. This is true especially in light of the fact

---

[1] As noted above, Defendant filed what he styles as a "Motion to Dismiss Plaintiff's Motion to Amend the Complaint" [#140], which appears to be Defendant's opposition to the instant Motion to Amend. This document is disorganized and largely incomprehensible. The Court has found this to be the case with other filings by Defendant Sims. [*See, e.g.*, #25 at 4 (describing filings by Defendant Sims and Plaintiff as "bickering, disorganized, lacking in legal authority, and somewhat incomprehensible"); #107 at 1 n.1 (noting Defendant's Sims filings have been "largely incoherent and difficult to decipher")]

that this case remains in its earliest stages, no Scheduling Order has been entered, Defendant Sims did not attend the Scheduling Conference on December 18, 2017, forcing this Court to reset the hearing as a Status Conference in his absence, and Defendant Sims has been put on notice that failure to attend future court hearings and failure to cooperate in the preparation of the Scheduling Order could result in a recommendation from this Court for sanctions, including default judgment [#121]. Furthermore, the factual bases for the amendments are well known to Defendant, and the proposed amendments simply seem to provide more detail to previous iterations of the complaint. In any event, Defendant's Opposition Motion is more accurately characterized as Defendant's disagreement with the underlying factual allegations, rather than his opposition to Plaintiff having an opportunity to amend the complaint. [*See, e.g.*, #140 at 1 (arguing that Plaintiff's claims are not true and that "Plaintiff has yet to PROVE his actual case at hand")]. Finally, although the Court expresses no opinion on the merits of the proposed amendments to the Amended Complaint, they do not appear to be clearly futile or asserted in bad faith.

The Court does note, however, that Plaintiff's proposed second amended complaint includes an "Argument for Entry of Default Judgment," which appears to be yet another motion for default judgment. [#131-1 at 19-20] A motion for default judgment is not properly included in a complaint or an amended complaint. *See, e.g.*, D.C.COLO.LCivR 7.1(c) ("A motion shall be filed as a separate document."). Moreover, Plaintiff has filed at least 15 motions for entry of default, default judgment, and related relief since November 6, 2017. [##66-67, 70, 72, 78-80, 82, 84-85, 89, 92, 94, 106, 115] The Court has previously warned Plaintiff that he may be subject to filing

5

restrictions or other sanctions if he continues to file duplicitous and frivolous motions in this matter. [#107 at 11-12] Accordingly, although the Court **GRANTS** the Motion to Amend the Complaint, the second amended complaint should not include a motion for default judgment or any discussion of entry of default or default judgment.

Insofar as Defendant's Opposition Motion seeks any relief, in addition to asserting his opposition to Plaintiff's Motion to Amend, the Motion is **DENIED.** Defendant Sims appears to seek documentation from Plaintiff, including receipts from food and medical expenses, and from the sale of Plaintiff's vehicle, among other purported evidence. [#140 at 2] As this Court has previously noted, any discovery request by Defendant must be served upon Plaintiff, not this Court, and must comply with the Federal Rules of Civil Procedure. [#118 at 1; *see also* #95 at 1] Defendant is reminded for the third time that he must first in good faith confer, or attempt to confer, with Plaintiff in an effort to obtain discovery without court action. [*Id.*]; *see also* Fed. R. Civ. P. 37(a)(1).

Defendant also argues that he was ordered by the Court to appear in Denver for court hearings, interfering with his caretaking responsibilities for his brother, while Plaintiff has been allowed to appear by phone. [#140 at 1, 2] Defendant appears to believe that, accordingly, Plaintiff must pay Defendant's travel costs. [*Id.* at 2] Setting aside the fact that there is no legal basis for that assertion, Defendant's representation that he was ordered to appear in person is quite simply false. The Court first noted that the parties could appear telephonically for the Scheduling Conference on September 15, 2017. [#37 at 5-6] In this Order, the Court instructed the parties on calling the Court and provided the appropriate phone number. [*Id.* at 6] Defendant Sims himself

recognized that he could appear by telephone in a Motion filed on December 7, 2017. [#112 at 1] In ruling on that Motion, the Court again clarified that the parties could appear telephonically for the scheduling conference, and again included instructions for calling the Court and the Court's phone number. [#118 at 2] As previously ordered, both parties may appear telephonically for the Scheduling Conference, now set for February 14, 2018 at 11:00 AM [#134]. The parties shall initiate a call amongst themselves before calling the Court at 303.335.2365 at the scheduled time.

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motion to Amend [#131] is **GRANTED** and Defendant's Opposition Motion [#140] is **DENIED.** Plaintiff shall file a clean copy (without strike through or underlining) of the Second Amended Complaint, with all appropriate exhibits attached thereto,[2] on or before **January 31, 2018**. Plaintiff previously moved to dismiss Defendants Kate Lewis and Mary Lopez from this action. [#122] To the extent that Plaintiff continues to seek dismissal of Defendants Lewis and Lopez from this action, Plaintiff is directed to remove these Defendants' names from the caption in the clean copy of the Second Amended Complaint.[3]

Once filed by Plaintiff, Defendant Sims shall file an answer to the Second Amended Complaint on or before **February 21, 2018.** Defendant's Answer shall identify each allegation (by paragraph) and state whether Defendant Sims admits,

---

[2] Plaintiff is reminded that an amended complaint cannot incorporate by reference "any part of the preceding pleading, including exhibits." D.C.COLO.LCivR. 15.1(b). In other words, Plaintiff's Second Amended Complaint must stand alone, without reference to the language or exhibits of any previous iterations of his complaint.

[3] Plaintiff also identified Defendants as including Lewis and Lopez at least once in the proposed Second Amended Complaint. [#131-1 at 16 (identifying Defendants as "Mr. L.D. Sims and proceeding through LDS, Blactino, Ms. Lewis, Ms. Lopez and Jeffery/Jeffery Sims"). The Second Amended Complaint should make clear who Defendants are and whether Plaintiff continues to assert claims against Lewis and Lopez.

denies, or lacks sufficient knowledge to admit or deny each allegation. *See Kriston v. Peroulis*, No. 09-cv-00909-MSK-MEH, 2009 WL 3722737, at *2 (D. Colo. Nov. 5, 2009). The Amended Answer shall further contain a section setting forth any affirmative defenses Defendant Sims intends to assert. *See id.*

DATED: January 24, 2018

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge