IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01827-WJM-MJW

RICHARD MAX FLEMING,

Plaintiff,

v.

LARRY D. SIMS,
JEFFREY SIMS,
LDS FINANCIAL CHARTER SERVICES CO., and
BLACTINO ENTERTAINMENT,

Defendants.

**REPORT AND RECOMMENDATION OF DEFAULT JUDGMENT FOR FAILURE TO APPEAR, FAILURE TO COMPLY WITH COURT ORDERS, FAILURE TO RETAIN COUNSEL, AND FAILURE TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S AMENDED COMPLAINT**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

On May 3, 2018, this Court entered an Order to Show Cause (Docket No. 193) and set a Show Cause Hearing for June 11, 2018 at 1:30 p.m., wherein Defendants were ordered to show cause why default judgment should not enter against Defendants pursuant to Fed. R. Civ. P. 55 for Defendants failure to answer or otherwise respond to Plaintiff's Amended Complaint (Docket No. 146), and for Defendants LDS Financial Charter Services Co. and Blactino Entertainment failure to retain counsel. In the Order to Show Cause (Docket No. 193), the Court noted that Defendants LDS Financial Charter Services Co. and Blactino Entertainment had not retained counsel, despite the case being filed in July 2017, and that none of the Defendants had answered or otherwise responded to Plaintiff's Amended Complaint, filed on January 25, 2018

(Docket No. 146). At the Scheduling Conference held on May 3, 2018, the Court ordered Defendants to answer or otherwise respond to Plaintiff's Amended Complaint (Docket No. 146) on or before June 4, 2018 (*see* Docket No. 191 at 4). The Court also gave Defendants LDS Financial Charter Services Co. and Blactino Entertainment until June 4, 2018 to retain counsel, because it is well established that although a natural person may represent himself or herself in court, a business entity must be represented by counsel. *See Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962). As of the date of this Report and Recommendation, no attorney has entered in this matter on behalf of Defendants LDS Financial Charter Services Co. and Blactino Entertainment, nor have any of the Defendants answered or otherwise responded to Plaintiff's Amended Complaint (Docket No. 146). Moreover, at the Show Cause Hearing held on June 11, 2018 at 1:30 p.m., Defendants Larry D. Sims, Jeffrey Sims, LDS Financial Charter Services Co., and Blactino Entertainment failed to appear in person or by telephone.

Under Rule 16, district courts may make schedules and set time limits, and sanction attorneys and parties who disregard such orders. Rule 16(f) specifically provides that if a party does not appear at a scheduling or pretrial conference, the judge may enter sanctions pursuant to Rule 37(b)(2)(C), which authorizes entry of a default judgment. *See* Fed. R. Civ. P. 16(f) (expressly incorporating Fed. R. Civ. P. 37(b)(2)(C)). *See also MacAlmon Music, LLC v. Maurice Sklar Ministries, Inc.,* No. 13-CV-02471-PAB-CBS, 2015 WL 782722 (D. Colo. Feb. 24, 2015)*.* The Local Rules of Practice for the United States District Court for the District of Colorado further authorize sanctions, including default judgment, for appearance of a corporation, partnership or

other legal entity without counsel. D.C.COLO.LAttyR 5(b). *See also Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp.2d 30, 37–38 (D.D.C.2004) (granting motion for default judgment pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(C) for failure to retain counsel) (citations omitted).

Federal courts also have the inherent authority to enter default judgment against a defendant in order to "manage their business so as to achieve the orderly and expeditious disposition of cases." *LaFleur v. Teen Help*, 342 F.3d 1145,1149 (10th Cir. 2003). *See also Butera v. District of Columbia*, 235 F.3d 637, 661 (D.C. Cir. 2001) (holding that a district court may order sanctions, including a default judgment, pursuant to the court's inherent power to "protect [its] integrity and prevent abuses of the judicial process"). "[T]he inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991).

The Court must "ensure that default judgment is a 'just' sanction for the offending party's misconduct." *EBI Securities Corp., Inc. v. Net Command Tech, Inc.*, No. 01–1524, 85 Fed. Appx. 105, 108 (10th Cir. Dec. 22, 2003) (citation omitted) unpublished opinion). "[I]n addition to considering the culpability of the offending party, the district court also typically should consider a number of other factors on the record, including (1) the degree of actual prejudice to the non-offending party; (2) the amount of interference with the judicial process caused by the offending party; (3) whether the court warned the offending party in advance that default judgment would be a likely sanction for noncompliance; and (4) the efficacy of lesser sanctions." *Id.* "These factors do not constitute a rigid test; rather, they represent criteria for the district court to

consider" in selecting a sanction. *Id.* "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is [default judgment] an appropriate sanction." *Id.*

After reviewing the record and considering the applicable factors, the Court finds that the Defendants are culpable for their conduct, and that judgment by default is an appropriate sanction.

Accordingly, it is hereby

**RECOMMENDED** that judgment by default be entered against Defendants Larry D. Sims, Jeffrey Sims, LDS Financial Charter Services Co., and Blactino Entertainment as a sanction pursuant to Fed. R. Civ. P. 16 and 37 and the Court's inherent powers to achieve the orderly and expeditious disposition of its docket, based on Defendants' failure to comply with the Court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, failure to appear at the June 11, 2018 Show Cause Hearing, failure to respond to the Court's Order to Show Cause, and failure to answer or otherwise respond to Plaintiff's Amended Complaint.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file**

**and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), **and also waives appellate review of both factual and legal questions.** *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Dated:  June 11, 2018            s/ Michael J. Watanabe
       Denver, Colorado       Michael J. Watanabe
                                   United States Magistrate Judge